IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN DEWAYNE EVANS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0059 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITIONER'S
SECOND MOTION TO VACATE VOID JUDGMENT
AND THAT SANCTIONS BE ASSESSED**

Came this day for consideration petitioner's second Motion to Vacate Void Judgment in the above numbered case. It is unclear what relief petitioner seeks by his motion, although it appears petitioner may again be requesting this Court vacate its judgment denying petitioner's habeas corpus application. Such habeas application was filed February 24, 2005 and judgment entered March 24, 2006. Petitioner filed his first Motion to Vacate Void Judgment on July 3, 2006. The undersigned entered a Report and Recommendation to deny petitioner's first motion on July 14, 2006, and on that same date, the undersigned entered an Order to Show Cause Why Sanctions Should Not be Imposed. Petitioner did not object to the Report and Recommendation and on August 2, 2006, the United States District Judge entered an order denying the July 3, 2006 Motion to Vacate.

If in fact, petitioner is attempting to file yet another Motion to Vacate Judgment, such pleading is clearly frivolous and petitioner is admonished such would warrant additional sanctions.

Further, for the reasons cited by the United States Magistrate Judge in the Report and Recommendation dated July 14, 2006, the instant Motion to Vacate Void Judgment should be DENIED.

Review of the July 14, 2006 Motion to Vacate Void Judgment shows petitioner attached thereto a copy of the Court's Order to Show Cause Why Sanctions Should Not be Imposed. Giving petitioner the benefit of the doubt, the July 14, 2006 Motion to Vacate Void Judgment will be construed as a response to the Court's Order to Show Cause. To the extent such pleading is a response to the Court's Order to Show Cause, it is without merit. The pleading advances no meritorious reasons why sanctions should not be imposed.

Petitioner failed to respond to respondent's Motion to Dismiss although given ample time to do so, and he failed to file objections when the undersigned entered its Report and Recommendation, although given time to object. Only after the Court entered judgment did petitioner file a Motion to Vacate Judgment. Petitioner failed to utilize the specified time for responding to the Motion to Dismiss and/or to file objections, and instead filed post judgment pleadings which have wasted the Court's precious judicial resources. Petitioner has been warned that his actions are sanctionable and has been given ample opportunity to argue why he should not be sanctioned. Not only has he failed to do so, but instead he has filed additional frivolous pleadings. It is the opinion of the undersigned that petitioner should be sanctioned, and that any sanction less than a monetary sanction will not adequately deter further improper conduct.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the second post judgment Motion to Vacate Void Judgment filed by petitioner STEVEN DEWAYNE EVANS on July 27, 2006 be DENIED. It is the further

RECOMMENDATION of the United States Magistrate Judge to the United States District Judge

that petitioner be assessed a fifty dollar ($50.00) monetary sanction, payable to the United States

District Clerk and that petitioner be barred from filing further proceedings in this Court until

such sanction is paid or leave to file is granted by a judicial officer.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner and to counsel of record for respondent by the most efficient

means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of August 2006.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to

HAB54\R&R\EVANS.2NDPOSTJMTMOT:3

timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).